IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ARCHITECTURAL MAILBOXES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PLM GLOBAL LOGISTICS, LLC, a Wisconsin Limited Liability Company, DESIGNCO PVT. LTD., a company organized under the laws of India,<br><br>Defendants. | Case No.: 3:25-cv-427<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiff Architectural Mailboxes, Inc. ("Plaintiff"), by and through its attorneys, for its Complaint against Defendants PLM Global Logistics, LLC ("PLM Global Logistics") and DesignCo Pvt. Ltd. ("DesignCo") (collectively, "Defendants"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.   This is an action for patent infringement under the Patent Act, 35 U.S.C. § 271, false advertising, unfair competition, and trade dress infringement under the Lanham Act, 15 U.S.C. § 1125(a), and unfair and deceptive trade practices under Wisconsin law, all arising from Defendants' deliberate and unlawful efforts to misappropriate the intellectual property and

marketplace goodwill of Plaintiff, a leading manufacturer, distributor, and seller of mailbox products throughout the United States.

2. Plaintiff has invested decades of effort and substantial resources in designing, marketing, and protecting its innovative mailbox products and associated consumer-facing materials, including, but not limited to, patented technologies, distinctive product designs and configurations, original written and visual works, and established relationships with major national retailers.

3. Defendants have introduced a competing mailbox product that copies key aspects of Plaintiff's patented technology, distinctive product appearance, and original packaging and instructional materials. In addition, Defendants have made claims that their mailbox product is approved by the United States Postal Service when, upon information and belief, it is not.

4. Defendants' conduct has caused, and continues to cause, substantial harm to Plaintiff's intellectual property rights, commercial reputation, and competitive position in the marketplace. Defendants' infringement and misrepresentations are knowing, willful, and part of a coordinated attempt to confuse consumers and trade on Plaintiff's established reputation.

5. Plaintiff seeks injunctive relief, damages, and other remedies available under federal and state law to enjoin Defendants' unlawful conduct and to compensate for the harm caused by Defendants' infringement and unfair competition.

**PARTIES, JURISDICTION, AND VENUE**

6. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

7. Plaintiff Architectural Mailboxes, Inc. is a Delaware corporation with its principal place of business at 107 Fellowship Road, Taylorsville, Mississippi 39168.

8. Defendant PLM Global Logistics, LLC is a limited liability company organized under the laws of the State of Wisconsin, with a principal place of business located at 10988 Olson Drive, Eau Claire, Wisconsin 54703. Upon information and belief, no members of Defendant PLM Global Logistics are citizens of Delaware or Mississippi.

9. Defendant DesignCo Pvt. Ltd. is a company organized under the laws of India, with a principal office located at Village Lakri Fazalpur Industrial Estate, Delhi Road, Moradabad, Uttar Pradesh 244001, India.

10. This Court further has subject matter jurisdiction pursuant to 28 U.S.C § 1332 because, upon information and belief, there is complete diversity between the Plaintiff and Defendants and the amount in controversy exceeds $75,000.

11. This Court has general personal jurisdiction over Defendant PLM Global Logistics because it is organized and operates in the State of Wisconsin.

12. This Court further has limited personal jurisdiction over Defendant DesignCo because, upon information and belief, it imports goods into the state of Wisconsin, including the infringing products, via Defendant PLM Global Logistics.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(1) and § 1400.

## GENERAL ALLEGATIONS

A. **PLAINTIFF AND PLAINTIFF'S ELITE™ MAILBOX**

14. Plaintiff is engaged in the manufacture, distribution, and sale of mailbox products throughout the United States, which it offers both online and in physical stores through various retailers, including Menards, Lowe's, Home Depot, Walmart, and Amazon.

3

15. Among the products offered by Plaintiff, the Elite™ mailbox has become one of its most recognized and commercially successful products, having been extensively marketed and sold throughout the United States for more than 20 years.

16. Over the course of more than two decades, Plaintiff has marketed and sold the Elite™ mailbox in a consistent and distinctive design configuration, including specific combinations of colors, finishes, embossing, and ornamental elements (collectively, the "Elite™ Trade Dress").

17. The Elite™ Trade Dress includes, among other features: a body and door framed in Solar Black 32119 with 60° gloss; a red flag in RSA Hunter Red with 85° gloss and an oval-shaped connector; a stylized alternative to a knob; an embossed eagle, number panel, decorative frame, and text in a unique size, font, and placement on the front door; and a distinct embossed "Architectural Mailboxes" logo on the rear panel. Taken together, the elements of the Elite™ Trade Dress constitute a non-functional and source-identifying configuration.

18. Through long-standing use in commerce, consistent consumer-facing marketing, and substantial sales volume, the Elite™ Trade Dress has acquired distinctiveness and is recognized by consumers as identifying a product originating from Plaintiff.

19. Plaintiff has filed an application to register the Elite™ Trade Dress with the United States Patent and Trademark Office on the Principal Register. A true and correct copy of the application, U.S. Trademark Serial No. 99173768, is attached as **Exhibit A**.

20. Plaintiff has also created and used original written and graphic works in connection with the packaging and marketing of its mailbox products, including the Elite™ mailbox. Such works include, but are not limited to, distinctive and creative product labeling, packaging layouts

and borders, schematic illustrations, iconography, and instruction manuals (collectively, the "Elite™ Materials"). Representative samples of the Elite™ Materials are attached as **Exhibit B**.

21. The Elite™ Materials are original works of authorship and contain protectable expression under United States copyright law.

22. Plaintiff is the exclusive owner of all rights, title, and interest in and to the Elite™ Materials, including all copyrights associated therewith.

23. Plaintiff has applied for registration of certain of the Elite™ Materials with the United States Copyright Office, including packaging and instructions related to the Elite™ mailbox. Attached as **Exhibit C** is a true and correct copy of the filing receipt confirming submission of Plaintiff's application to the United States Copyright Office for registration of the copyright in the Elite™ Materials.

24. Plaintiff has also filed an application to register certain of the Elite™ Materials with the United States Patent and Trademark Office, including the distinctive, non-functional, and source-identifying product packaging for the Elite™ mailbox. A true and correct copy of the application, U.S. Trademark Serial No. 99142487, is attached as **Exhibit D**.

B. **THE ASSERTED PATENT**

25. In connection with the research, development, and commercialization of its mailbox products, Plaintiff has secured multiple United States patents protecting its proprietary innovations and technologies. Such patents include, but are not limited to, U.S. Patent No. 9,700,166 ("the '166 Patent").

26. The '166 Patent, titled Impact-Resistant Mailbox, was duly and legally issued on July 11, 2017 and names Christopher A. Farentinos, Craig R. Steele, and Raffy M. Arce-Paje as inventors. Attached as **Exhibit E** is a true and correct copy of the '166 Patent.

27. The '166 Patent is directed to improvements in the structural rigidity and impact resistance of mailboxes. In a general sense, the patented technology includes, without limitation, innovations such as the incorporation of a rod at least partially within a rolled front edge of the mailbox, structural enhancements using the connection of the mailbox floor and body, and a front door impact brace.

28. Plaintiff is the owner and assignee of the entire right, title, and interest in and to the '166 Patent.

C.  **DEFENDANTS' UNLAWFUL AND INFRINGING CONDUCT**

29. Defendant DesignCo manufactures various home accessories in India, including a mailbox product marketed and sold under the "Galvatight" brand (the "Galvatight Mailbox").

30. Upon information and belief, Defendant DesignCo exports the Galvatight Mailbox from India for retail sale in the United States.

31. Upon information and belief, Defendant PLM Global Logistics imports the Galvatight Mailbox into the United States and distributes it for retail sale to consumers, including to stores such as Menards.

32. Upon information and belief, the Galvatight Mailbox has also been marketed and sold in the United States under other names, including mailbox products labeled "Galvatight Elite," "Post-Mount Mailbox," and "EZ-Install."

33. Defendant PLM Global Logistics is the owner of a now-abandoned United States trademark application, U.S. Trademark Serial No. 97075150, for a wordmark corresponding to the name of the Galvatight Mailbox (the "Galvatight Application"). A true and correct copy of the Galvatight Application is attached as **Exhibit F**.

34. Upon information and belief, Defendant PLM Global Logistics filed the Galvatight Application with the intent to commercially market and sell the Galvatight Mailbox in the United States under the "GALVATIGHT" trademark.

35. Defendants have infringed, and continue to infringe, the '166 Patent by making, selling, offering for sale, and importing into the United States the Galvatight Mailbox that embodies or practices one or more of the inventions claimed in the '166 Patent, without authorization or license from Plaintiff.

36. In particular, the Galvatight Mailbox includes each of the limitations of at least Claim 1 of the '166 Patent; it comprises a body having a rolled front edge, a floor having a front edge, a front door attached to the body and the floor and moveable between an open and closed position, and a rod at least partially within a rolled front edge of the mailbox. True and correct copies of images depicting the Galvatight Mailbox are attached as **Exhibit G**.

37. Defendants have also imitated the distinctive visual appearance and configuration of the Elite™ mailbox, including its non-functional design elements and color scheme, which collectively constitute the Elite™ Trade Dress. As can be seen from viewing and comparing Exhibits A and G, the Galvatight Mailbox is substantially similar in appearance to the Elite™ mailbox and is likely to cause confusion among consumers as to its source or affiliation.

38. Defendants have imported, offered for sale, and sold the Galvatight Mailbox using product packaging and instructions that are identical or virtually identical to the Elite™ Materials used in connection with Plaintiff's Elite™ mailbox. Representative samples of the product packaging and instructions for the Galvatight Mailbox are attached as **Exhibit H**.

39. As can be seen from viewing and comparing Exhibits B and H, the product packaging for the Galvatight Mailbox uses the same overall layout, imagery, and text, along with

nearly identical iconography, as the Elite™ Materials used in connection with Plaintiff's Elite™ mailbox. Moreover, the instructions for the Galvatight Mailbox follow the same overall format and include sections of verbatim text, identical schematic drawings, identical icons and other visual elements, and even a leftover reference to "Architectural Mailboxes." Given these similarities, the packaging and instructions for the Galvatight Mailbox are substantially similar to, and virtually indistinguishable from, the Elite™ Materials used in connection with Plaintiff's Elite™ mailbox.

40. The substantial similarities in the packaging, instructions, and overall appearance of the Galvatight Mailbox and Plaintiff's Elite™ mailbox are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin of the Defendants' goods, and/or the sponsorship or approval of such goods by Plaintiff.

41. Defendants are not and have never been licensed to use, publish, display, or sell the Elite™ Materials, and Defendants have never contacted Plaintiff to seek permission to use the same in connection with Defendants' products or for any other purpose.

42. Defendants' use, display, publication, distribution, reproduction, importation, sale, and offering for sale of the Galvatight Mailbox and associated packaging and instructions is without Plaintiff's authorization, consent, or knowledge, and without any compensation to Plaintiff.

43. Upon information and belief, Defendants' actions were undertaken knowingly and willfully with the intent to trade on the reputation and goodwill associated with Plaintiff and its Elite™ mailbox, and to mislead consumers into believing that Defendants' products are authorized, approved, or endorsed by Plaintiff.

44. Defendants have also disseminated false and misleading statements of fact in commercial marketing, advertising, and promotional materials regarding the nature,

characteristics, and approval status of their mailbox products. In particular, Defendants have represented, through labeling, embossing, packaging, online listings, and other promotional materials, that the Galvatight Mailbox is "approved" by the United States Postal Service or its representatives. See examples attached hereto as **Exhibit I**.

45. Upon information and belief, the Galvatight Mailbox has not received approval from the United States Postal Service or its representatives, and any such statements are literally false and misleading to both consumers and retailers.

46. Upon information and belief, retailers, consumers, and others in the marketplace have materially relied on Defendants' false statements that the Galvatight Mailbox is "approved" by the United States Postal Service or its representatives and have purchased the product as a result.

47. Defendants' acts are causing, and unless restrained, will continue to cause, damage and immediate irreparable harm to Plaintiff.

### COUNT I: PATENT INFRINGEMENT (35 U.S.C. § 271)

48. Plaintiff repeats and realleges paragraphs 1 through 47 hereof, as if fully set forth herein.

49. Defendants have been and are infringing the '166 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, mailbox products, including the Galvatight Mailbox, in violation of 35 U.S.C. § 271(a).

50. Upon information and belief, Defendants have been and are inducing infringement of the '166 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, or

import mailbox products, including the Galvatight Mailbox, that embody or use the invention claimed in the '166 Patent, in violation of 35 U.S.C. § 271(b).

51. Defendants' infringement has been, and continues to be, knowing, intentional, and willful.

52. Defendants' acts of infringement of the '166 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

53. Defendants' acts of infringement of the '166 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plaintiff has no adequate remedy at law.

54. This case is exceptional and, therefore, Plaintiff is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II: FEDERAL UNFAIR COMPETITION FOR THE GALVATIGHT MAILBOX PACKAGING (15 U.S.C. § 1125(a))

55. Plaintiff repeats and realleges paragraphs 1 through 54 hereof, as if fully set forth herein.

56. Defendants' unauthorized use in commerce of product packaging and instructions that are identical or virtually identical to the Elite™ Materials used in connection with Plaintiff's Elite™ mailbox as alleged herein are likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

57. Defendants' unauthorized use in commerce of product packaging and instructions that are identical or virtually identical to the Elite™ Materials constitutes false designation of origin and misleading description and representation of fact.

58. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

59. Defendants' conduct as alleged herein constitutes unfair competition and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, including to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

61. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III: FEDERAL UNFAIR COMPETITION FOR FALSELY REPRESENTING USPS APPROVAL (15 U.S.C. § 1125(a))

62. Plaintiff repeats and realleges paragraphs 1 through 61 hereof, as if fully set forth herein.

63. Defendants have made false statements of fact in commercial marketing, advertising, and promotion regarding the nature, characteristics, and approval status of their mailbox products.

11

64. Defendants' false statements of fact include, without limitation, representations that the Galvatight Mailbox is "approved" by the United States Postal Service or its representatives. Upon information and belief, the product has not received such approval.

65. Defendants' false statements of fact are material and likely to mislead retailers, consumers, and others in the marketplace into believing that Defendants' mailbox products are endorsed, certified, or authorized by the United States Postal Service.

66. Upon information and belief, retailers, consumers, and others in the marketplace have relied on these false statements of fact in deciding to purchase Defendants' products, to the detriment of Plaintiff.

67. Defendants' conduct constitutes false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT IV: TRADE DRESS INFRINGEMENT
FOR THE GALVATIGHT MAILBOX (15 U.S.C. § 1125(a))**

69. Plaintiff repeats and realleges paragraphs 1 through 68 hereof, as if fully set forth herein.

70. Plaintiff's Elite™ Trade Dress is entitled to protection under the Lanham Act, 15 U.S.C. § 1125(a). The Elite™ Trade Dress comprises a distinctive design configuration, including specific combinations of colors, finishes, embossing, and ornamental elements. Through long-standing use in commerce, consistent consumer-facing marketing, and substantial sales volume, the Elite™ Trade Dress has acquired distinctiveness and is recognized by consumers as identifying products originating from Plaintiff.

12

71.　　Defendants' advertisement, marketing, promotion, offer to sell, sales, distribution, manufacturing, and production of Defendants' mailbox products that are identical or virtually identical to Plaintiff's Elite™ Trade Dress as alleged herein are likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

72.　　Upon information and belief, Defendants' conduct as alleged herein is willful and intentional, and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

73.　　Defendants' conduct as alleged herein constitutes unfair competition and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74.　　Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

75.　　Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT V: UNFAIR AND DECEPTIVE TRADE PRACTICES
### IN VIOLATION OF WISCONSIN UNFAIR COMPETITION LAW

76.　　Plaintiff repeats and realleges paragraphs 1 through 75 hereof, as if fully set forth herein.

77.　　Defendants have made false statements of fact in commercial marketing, advertising, and promotion regarding the approval status of the Galvatight Mailbox as alleged herein.

13

78. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff and to its goodwill and reputation and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

79. Plaintiff is entitled to, among other relief, injunctive relief, recovery of pecuniary losses, attorneys' fees, and punitive damages under Wisconsin state unfair competition law.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. Declaring that Defendants have infringed and actively induced infringement of the '166 Patent in violation of 35 U.S.C. § 271(a) and (b).

2. Declaring that Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and Wisconsin common law.

3. Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

　　(a) Infringing, contributing to the infringement of, or inducing infringement of the '166 Patent;

(b) Engaging in any activity that infringes Plaintiff's rights in and to the Elite™ Trade Dress;

(c) Engaging in any activity constituting unfair competition with Plaintiff;

(d) Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that Defendants' goods and/or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff;

(e) Using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and/or services with Plaintiff or tend to do so;

(f) Reproducing, distributing, publishing, publicly displaying, marketing, advertising, promoting, or authorizing any third party to reproduce, distribute, publish, publicly display, market, advertise, or promote, the Elite™ Materials and any products, documents, standards, works, or other materials that include, copy, are derived from, or otherwise embody the Elite™ Materials;

(g) Creating or distributing derivative works based on Plaintiff's Elite™ Materials; and

(h) Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

4. Ordering Defendants to account and pay damages adequate to compensate Plaintiff for Defendants' infringement of the '166 Patent, including for any infringing acts not presented at trial and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284.

5. Ordering an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales.

6. Awarding Plaintiff an amount up to three times the amount of its actual damages, pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 1117(a);

7. Directing that Defendants account and pay to Plaintiff all profits derived from its wrongful acts in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), with such profits enhanced as appropriate to fully compensate Plaintiff for the damages caused thereby.

8. Awarding Plaintiff punitive and exemplary damages as deemed appropriate by the Court to deter any future unlawful conduct by Defendant.

9. Declaring this case exceptional and awarding Plaintiff its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117(a).

10. Awarding such other and further relief as this Court deems just and proper.

Dated: May 23, 2025                    Respectfully submitted,

By: *s/ Jennifer L. Gregor*
    Jennifer L. Gregor
    GODFREY & KAHN S.C.
    One East Main Street, Suite 500
    Madison, WI 53703
    Phone: (608) 284-2629
    Fax: (608) 257-0609
    jgregor@gklaw.com

*Of Counsel:*

Timothy K. Kroninger *(pro hac vice forthcoming)*
Timothy D. Kroninger *(pro hac vice forthcoming)*
VARNUM LLP
480 Pierce Street, Suite 300
Birmingham, MI 48009
Phone: (248) 567-7800
Fax: (248) 567-7423
tkkroninger@varnumlaw.com
tdkroninger@varnumlaw.com

Regan A. Gibson *(pro hac vice forthcoming)*
VARNUM LLP
333 Bridge Street NW
Grand Rapids, MI 49504
Phone: (616) 336-6000
Fax: (616) 336-7000
ragibson@varnumlaw.com

*Counsel for Plaintiff Architectural Mailboxes, Inc.*